### Theodore V. Frost

*v.*

### Ellen Frost.

Complainant had had illicit intercourse with defendant, who alleged that she was pregnant by him. He gave her drugs to produce an abortion, for which, on her complaint, he was arrested. While under arrest, he went with the officer to the defendant's house and requested her to withdraw the charge, but she did not consent to do so. She went with him and the officer to the magistrate. The officer stated to the magistrate that the defendant wished to withdraw the charge. The magistrate replied that that could not be done, and then informed complainant that he must marry defendant, give $1000 bail, or go to jail; complainant being unable to procure bail, offered to marry defendant, and, on her consenting, did marry her then and there.—*Held*, that he was not entitled to a decree annulling his marriage on the ground of duress.

Bill to annul marriage. On rehearing of decree advised by special master acting as advisory master.

*Mr. James Chapman*, for complainant.

*Mr. S. G. Wright*, for defendant.

The Chancellor.

The bill is filed to annul the marriage between the parties, upon the ground of fraud and duress.

The complainant admits that he had illicit intercourse with the defendant before the marriage. She subsequently alleged that she was pregnant by him. He declined to marry her, but made provision for her, by an agreement, up to and during her contemplated confinement. He fulfilled the agreement. Afterwards she made a complaint against him before a justice of the peace that he had furnished her with medicine to produce abortion. He was arrested upon the charge. Being unable to procure bail, he went to the defendant's house and asked her to withdraw the charge. She did not consent to do so, but went

with him and the officer in whose custody he was to the office of the justice. After they arrived there, the officer said to the magistrate that she wished to withdraw the charge. To which the justice replied that it could not be done, and informed the accused that he must marry the woman, give $1000 bail, or go to jail. The accused being unable to get bail, offered to marry the woman. He asked her if she was willing to marry him, and she answered, "Just as you like." After she had thus given her consent, they were then and there married accordingly. The evidence is contradictory as to whether they lived together after the marriage.

It is proved that the accused gave the medicines to the woman and it is admitted that one of them at least was such as is given to produce miscarriage. It was undoubtedly furnished to her for that purpose.

The complainant insists that the circumstances establish the fact that the marriage was the result of unlawful duress by means of criminal proceedings. Where a man who has been guilty of illicit intercourse with a woman marries her under the constraint of proceedings against him in bastardy, lawfully instituted in respect of the actual or apprehended result of such unlawful commerce, or where he marries her under the constraint of arrest in a suit for damages for seducing her, such constraint does not of itself constitute a valid ground for annulling the marriage. *Sickles* v. *Carson, 11 C. E. Gr. 440; Seyer* v. *Seyer, 10 Stew. Eq. 210; Jackson* v. *Winne, 7 Wend. 47; Scott* v. *Shufeldt, 5 Paige 43.* Where a man who has been guilty of illicit intercourse with a woman, and supposing her to be pregnant, as the result thereof, furnishes her with the means of producing abortion for the purpose of preventing the apprehended birth of the offspring, and criminal proceedings are lawfully instituted against him with a view to punishing him for the latter offence, and being under arrest thereon, he chooses, as a means of release, to marry the woman, the constraint under which he enters into the marriage constitutes no ground, either in law or morals, for annulling it. In this case it is not denied that if the arrest had been in lawful proceedings in bastardy the constraint would not have

constituted unlawful duress, but it is urged that the fact that it was under criminal proceedings makes an essential difference. I cannot see the distinction. The charge was not a false one. It was true. The accused had, by his conduct towards the woman, rendered himself liable to the penalties of the criminal law. To obtain his release and immunity for his criminal conduct he deliberately chose to marry her. There is no evidence of any conspiracy nor of any fraud. If a man who has committed a rape should, after his arrest for the crime, seek to escape the consequences of his offence by marrying the victim of his violence, he could not, in a court of conscience, obtain a decree nullifying the marriage, on the ground that he was under duress when he entered into it, and that but for the duress he would not have been willing to marry the woman. This case does not differ from that in principle. The dictates of justice, no less than the policy of the law, forbid that a man should in any such case be permitted to annul his marriage on the ground of the duress of his imprisonment for his crime. The master advised that the bill be dismissed. There is no error in his conclusion.